# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF KEVIN R. HANSEN, ESQ., BAR NO. 6336

No. 73626

FILED

JUN 08 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Kevin R. Hansen. Under the agreement, Hansen admitted to one violation of RPC 1.4 (communication), one violation of RPC 1.15 (safekeeping property), and two violations of RPC 8.4(d) (misconduct: conduct prejudicial to the administration of justice). The agreement provides for a one-year suspension with the suspension stayed for an 18-month probationary period subject to conditions.

Hansen has admitted to the facts and violations. Thus, the record establishes that he violated RPC 1.4 and RPC 8.4(d) by failing to communicate with his client or inform her that he had left his law firm and taken her case with him and by failing to timely oppose a motion and file an expert witness disclosure on her behalf. He has also violated RPC 1.15 and RPC 8.4(d) by failing to properly maintain his trust account, overpaying himself attorney fees, and failing to timely pay clients' lienholders.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Hansen violated duties owed to his clients

SUPREME COURT
OF
NEVADA

(O) 1947A

18-21947

(communication and safekeeping property) and the legal system (engaging in conduct prejudicial to the administration of justice) and the admitted violations reflect a combination of negligent and knowing misconduct. His clients were injured because their lienholders were not timely paid or they were overcharged attorney fees. Further, one of his clients was injured because her complaint was dismissed against two defendants. There are three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and six mitigating circumstances (absence of a prior disciplinary record, absence of dishonest or selfish motive, timely good faith effort to make restitution or to rectify consequences of misconduct, character or reputation, interim rehabilitation, and remorse). SCR 102.5.

The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."); *id.* Standard 7.2 (providing that suspension is the baseline sanction when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). Considering all of the factors, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Kevin R. Hansen from the practice of law in Nevada for one year. The suspension shall be stayed and Hansen shall be on probation for 18 months commencing from February

9, 2018, subject to the following conditions as described in the conditional guilty plea agreement:

a) [Hansen] shall provide the State Bar with at least eight (8) quarterly audits of his trust account at his expense, during the period of the stay, subject to additional audits more frequently if deemed necessary. Said audits are to be done by an auditor agreed upon by the parties and will begin three (3) months after the Panel approves the Conditional Guilty Plea. Audits shall be due on June 1 (for any period of January to March), September 1 (for any period of March to June), December 1 (for any period of July to September) and March 1 (for any period of October to December) of any year for which this stayed suspension is in effect; [Hansen] will be in breach of this condition if the required audit report is not received by the Office of Bar Counsel within forty-five (45) days of its due date.

b) [Hansen] shall not be subject to discipline as defined in SCR 102. Any future grievances or complaints received by the Office of Bar Counsel alleging [Hansen's] professional misconduct, shall be regularly processed in accordance with SCR 105. Should any such matter, including but not limited to matters involving any of [Hansen's trust accounts prior to this agreement, result in the opening of a grievance concerning which a Screening Panel ultimately determines that a formal hearing is warranted, the conduct shall be considered a breach of this stay, and will result in imposition of the one (1) year suspension as set forth herein. This Panel, if available, will meet as soon as possible to hold a hearing and determine if the imposition of a one (1) year suspension is appropriate. [Hansen] agrees to waive the thirty (30) [day] notice requirement under SCR 105.

c) The eighteen (18) month stay period will begin upon approval of the Conditional Guilty Plea by the Nevada Supreme Court. However, any discipline grievance or complaint received by the State Bar

between the period of approval [by] this Panel and approval by the Supreme Court shall be subject to being deemed a breach of the stay and imposition of the one (1) year suspension from the practice of law shall be pursued as described above in paragraph (b).

d) Except as otherwise stated hereinabove, failure to comply with any of the foregoing terms and conditions of this stayed suspension will result in the immediate imposition of the full one (1) year suspension, with no right of appeal. Successful completion of the eighteen (18) month stay will relieve [Hansen] of any future possibility of the imposition of the one (1) year suspension which is imposed and stayed on the terms set forth in this Conditional Guilty Plea.

e) [Hansen] shall pay SCR 120(1) fees in the amount of $2,500 and the actual costs of the disciplinary proceeding due and payable within thirty (30) days of the Order by the Nevada Supreme Court approving the Conditional Guilty Plea Agreement.

The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
Kevin R. Hansen
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court